IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUANITA MUSE** : | |
| : | |
| : | **CIVIL ACTION COMPLAINT NO**. |
| Plaintiff, : | |
| : | **JURY TRIAL OF TWELEVE (12)** |
| : | **DEMANDED** |
| v. : | |
| : | |
| **SUNTRUST BANK** : | |
| : | |
| Defendants. : | |

# COMPLAINT

NOW comes the Plaintiff, Juanita Muse (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Plaintiff in this matter resides in the state of Pennsylvania as defined under 28 U.S.C. §1391 (c)(2) based upon information and belief.

## PARTIES

4. Plaintiff is a natural person and is a citizen of Pennsylvania. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, SunTrust Bank, (hereinafter, SunTrust) is a for profit company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. SunTrust is a financial institution actively conducting business through Pennsylvania.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. Plaintiff's SunTrust account # 3PA0**** was fully satisfied on or about April 2018 which brought it current with a $0 balance.

8. Equifax's report dated 09/03/2018 reported Plaintiff's SunTrust account with a "Pay Status: Over 120 Days Past Due".

9. Although Plaintiff's account was fully satisfied, Plaintiff's Equifax report dated 09/03/2018 reported the "Pay Status: Over 120 Days Past Due". It is impossible and incorrect for an account that was fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 09/03/2018. Not only is the SunTrust account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously fully satisfied.

10. As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Equifax, dated 08/06/2018 (Please see Exhibit A). As a result of Plaintiff's dispute, SunTrust verified the account as accurate and instructed Equifax to continue to report the inaccurate credit information (Please see Exhibit B). Equifax continued to report the inaccurate

credit information at the instructions of SunTrust. Plaintiff's latest Equifax credit report dated 09/03/2018 is currently reporting the same inaccurate information that was disputed on 08/06/2018.

11. SunTrust did not provide a good faith investigation into the disputed account of Plaintiff.

12. The SunTrust account is not only inaccurate, but it is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988)(a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions").

13. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. This information was furnished by SunTrust and reported by Equifax, misrepresenting the payment rating and/or status of Plaintiff's account, and is currently being reported and reflected upon Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

14. Plaintiff's credit reports, credit information and file formulated by Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by SunTrust and reported by Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

15. As a result of Defendant, SunTrust's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

17. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

19. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

20. This suit is based upon the Defendant's violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

### COUNT I—VIOLATION OF THE FAIR REPORTING ACT

21. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

22. This suit is brought against the Defendant as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendant did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

>(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
>(2) such amount of punitive damages as the court may allow; and
>(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

>(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
>(1) any actual damages sustained by the consumer as a result of the failure; and
>(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *SunTrust's FCRA Violations*

37. Defendant, SunTrust, violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute letter and failing to delete or correct the inaccurate information. After receiving a dispute notice from Equifax, Defendant, SunTrust, did not conduct a complete, accurate or reasonable investigation into the disputed issue. SunTrust verified the inaccurate information that was disputed from a detailed and thorough dispute letter. SunTrust should have discovered that the information they are providing the Credit Reporting Agencies was not accurate. SunTrust knew of their current faulty reporting because Plaintiff's account was fully satisfied with a $0 balance. Had Defendant, SunTrust properly investigated Plaintiff's dispute, they would have corrected the reporting to a current status. It is impossible for Plaintiff to make "$0" payments to bring their account current. SunTrust was made fully aware of the inaccurate reporting and failed to correct or delete the account.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

a. After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

   i. conduct an investigation with respect to the disputed information:

   ii. review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

   iii. report the results of the investigation to the consumer reporting agency;

   iv. if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

   v. if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

      i modify that item of information
      ii delete that item of information
      iii permanently block the reporting of that item of information

### *<u>Third Parties have viewed Plaintiff's Equifax's Credit Report</u>*

38. The negative tradeline(s) reported by SunTrust on Plaintiff's Equifax Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

39. Plaintiff has suffered actual harm due to Equifax still reporting the negative tradeline provided by SunTrust on Plaintiff's Equifax report even though Equifax was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

40. The conduct of the Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**DATED:** 9-1-2020

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**DATED:** 9-1-2020